[747 NYS2d 249]

In the Matter of EDGAR E. JORDAN III, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 16, 2002

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Edgar E. Jordan III*, New York City, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition that contained

one charge of professional misconduct. In his answer, he admitted in part, and denied in part, the factual allegations contained in the petition and denied that he was guilty of professional misconduct. After a hearing, the Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report. The respondent cross-moves to disaffirm the report and dismiss the charge.

Charge One alleged that the respondent engaged in a pattern of impermissible conflicts of interest, in violation of Code of Professional Responsibility DR 5-101 (a), DR 5-105 (a), DR 5-107 (a) (1) and (b), and DR 1-102 (a) (7) (22 NYCRR 1200.20 [a]; 1200.24 [a]; 1200.26 [a] [1]; [b]; 1200.3 [a] [7]).

From January 1998 through June 1999, the respondent represented Carmen Martinez, Raymond B. Mack, Beatrice Hicks, Andrew Wright, and Diana Stone in connection with their purchases of real property. First Home Brokerage Corp. (hereinafter First Home Brokerage), with offices at 98-75 Queens Boulevard, Rego Park, New York, was the real estate broker in each transaction, and either First Home Brokerage or one of its affiliates referred the aforementioned clients to the respondent.

First Home Properties, Inc. (hereinafter First Home Properties), with offices at the same location, or one of its affiliates, was the seller in each transaction. Although the respondent represented the purchasers, First Home Properties or one of its affiliates paid the respondent's legal fee, which was $850 for each transaction. From January 1998 through March 2000, the respondent represented in real estate transactions an additional 380 clients who were referred to him by First Home Brokerage or one of its affiliates. He failed to disclose to his clients the potential conflict of interest, and he allowed his independent professional judgment on behalf of his clients to be adversely affected by his relationship with First Home Brokerage, First Home Properties, or one of their affiliates.

At the hearing, the petitioner's case consisted of nine exhibits and the testimony of six witnesses. The respondent testified on his own behalf, called two witnesses, and produced five exhibits. Based on the evidence adduced at the hearing, the charge was properly sustained by the Special Referee.

In support of his cross motion to disaffirm the Special Referee's report and to dismiss the charge, the respondent contends that the petitioner failed to prove its case by a preponderance of the credible evidence. The respondent argues that the list of clients who were "introduced" to him by First

Home Brokerage was not relevant to this proceeding and was admitted into evidence over his objection, without a proper foundation being laid. He claims that any attempt to extrapolate or draw a negative inference from that list should not be considered by the Court, and he asks the Court to consider only the five complaints against him. The respondent also contends that there is no evidence in the record that his financial interests were adverse to those of the complainants or that he represented the seller-broker and the complainants simultaneously. He further claims that there is no evidence in the record that he represented or received compensation from anyone other than his clients. He asserts that he was not motivated by greed, but compassion, and that he was attempting to help poor people obtain decent living conditions.

The respondent's prior disciplinary history consists of a letter of admonition issued by the Departmental Disciplinary Committee of the Appellate Division, First Department.

His contentions to the contrary notwithstanding, the respondent is guilty of serious professional misconduct. His testimony and submissions to this Court reveal that he has little, if any, understanding of his fiduciary duty to his clients, who were poor people attempting to buy their first homes through a federally-funded program for first-time home buyers. He failed to adequately protect their interests and placed his own financial interests above theirs. Under the totality of the circumstances, his disbarment is warranted.

Prudenti, P.J., Ritter, Santucci, Altman and FEUERSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the Special Referee's report and to dismiss the charge is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Edgar E. Jordan III, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edgar E. Jordan III is commanded to desist and refrain from (1) practicing law in any form, either as principal

or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.